UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASHTON HERNANDEZ and ANDREW SMYRAK, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>ZENLEN, INC. d/b/a NATIVE COS.,<br><br>        Defendant. | Case No. 1:24-cv-04846-DLC |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 2

I.  The Opposition Fails To Identify Any Deceptive Statement............................................ 2

    A.  Plaintiffs Do Not Dispute That They Fail To Allege What "72-Hour Odor
        Protection" Means................................................................................................. 2

    B.  Plaintiffs' Allegation That Zenlen Lacks Clinical Support Is Too
        Conclusory. ........................................................................................................ 3

II.  Plaintiffs' Claims Fail for Additional Reasons. ............................................................. 7

    A.  Rule 9(b) Applies To, and Defeats, Plaintiff Smyrak's CUTPA Claims................ 7

    B.  Plaintiff Hernandez Has Not Plausibly Pled a Price Premium, So Her GBL
        Claims Fail. ........................................................................................................ 9

CONCLUSION.................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

*ADL, LLC v. Tirakian*,
    2010 WL 3925131 (E.D.N.Y. Aug. 26, 2010)..........................................................................6

*Alnwick v. Eur. Micro Holdings, Inc.*,
    281 F. Supp. 2d 629 (E.D.N.Y. 2003) ....................................................................................8

*ARMOUR Capital Mgmt. LP v. SS&C Techs., Inc.*,
    2018 WL 1368908 (D. Conn. Mar. 16, 2018) ......................................................................7

*Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*,
    2010 WL 1882316 (D. Conn. May 10, 2010)........................................................................7

*Baron v. Pfizer, Inc.*,
    42 A.D.3d 627 (3d Dep't 2007) ............................................................................................9

*DaCorta v. AM Retail Grp., Inc.*,
    2018 WL 557909 (S.D.N.Y. Jan. 23, 2018) ......................................................................10

*DiCicco v. PVH Corp.*,
    2020 WL 5237250 (S.D.N.Y. Sept. 2, 2020)........................................................................8

*Housey v. Procter & Gamble Co.*,
    2022 WL 874731 (S.D.N.Y. Mar. 24, 2022) ....................................................................10

*Izquierdo v. Mondelez Int'l, Inc.*,
    2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016)....................................................................10

*Lentini v. Fidelity National Title Insurance Co. of New York*,
    479 F.Supp.2d 292 (D. Conn. 2007) .....................................................................................8

*Marks v. CDW Computer Ctrs., Inc.*,
    122 F.3d 363 (7th Cir. 1997) .................................................................................................6

*N. Fork Partners Inv. Holdings, LLC v. Bracken*,
    2021 WL 4124950 (S.D.N.Y. Sep. 9, 2021).........................................................................8

*Quirk v. Katz*,
    2022 WL 4226124 (S.D.N.Y. Sept. 13, 2022)......................................................................4

*Rider v. Uphold HQ Inc.*,
    657 F. Supp. 3d 491 (S.D.N.Y. 2023)...................................................................................3

*Santiful v. Wegmans Food Markets, Inc.*,
    2022 WL 268955 (S.D.N.Y. Jan. 28, 2022) .........................................................................5

*Small v. Lorillard Tobacco Co.*,
   94 N.Y.2d 43 (N.Y. 1999) .................................................................................9

*In re Trilegiant Corp.*,
   11 F. Supp. 3d 82 (D. Conn. 2014)................................................................7, 8

*Williams v. Reckitt Benckiser LLC*,
   2021 WL 8129371 (S.D. Fla. Dec. 15, 2021) .............................................4

*Wynn v. Topco Assocs., LLC*,
   2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) .............................................4

## INTRODUCTION

The opposition confirms that Plaintiffs are seeking to rely on mere conclusions about a statement that does not appear on the Native packaging to survive a motion to dismiss. Plaintiffs point to nothing in their Complaint that alleges how a reasonable consumer would understand the "clinically proven 72-hour odor protection" claim. While Plaintiffs urge the Court to focus solely on the alleged falsity of the "clinically proven" portion of this statement, the "72-hour odor protection" portion matters just as much. To test whether Zenlen has clinical support for *that* statement, Plaintiffs must allege how a reasonable consumer would understand it. They do not dispute that they failed to do so—to the contrary, they concede that their "claims are not that the deodorant does not work at all," ECF No. 25 (Opp.) at 10—and that defect alone provides a basis to dismiss the Complaint.

Plaintiffs also ignore that their bare conclusory allegation that Zenlen lacks clinical support is not enough to survive a motion to dismiss. While the opposition asserts that Plaintiffs conducted "due diligence" to confirm their allegations, Opp. at 3, Plaintiffs do not say what they have done, and courts require more before allowing claims as tenuous as these to proceed.

Instead, the opposition devotes significant space to defending Plaintiffs' curious decision to push forward with this case even though Zenlen provided Plaintiffs' counsel with a clinical report that disproves Plaintiffs' claims. Although Plaintiffs' counsel complains about Zenlen providing a redacted document, they know *why* the document was redacted: as Zenlen's counsel explained in its transmittal email, the redactions relate to other products that are not at issue in this case. And Plaintiffs' claim that they find a clinical report "incomprehensible" casts doubt on their representations about the adequacy of their pre-suit investigation, and raises serious questions about whether their "factual contentions have" or "will likely have evidentiary support." Fed. R. Civ. P. 11(b)(3).

In any event, contrary to Plaintiffs' assertions, Zenlen is not asking this Court to dismiss because Zenlen's "claim is in fact backed by clinical support." Opp. at 3. Rather, this case illustrates why courts must carefully scrutinize conclusory allegations like those in the Complaint: "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Since the Complaint does not contain "sufficient factual matter" to support the plausibility of its allegations, this Court should dismiss Plaintiffs' claims. *Id.* at 678.

## ARGUMENT

## I.    The Opposition Fails To Identify Any Deceptive Statement.

All of Plaintiffs' claims can be dismissed on one of two independent grounds: either because Plaintiffs do not allege how a reasonable consumer would understand the "72-hour odor protection" statement, or because Plaintiffs' allegations that Zenlen lacks clinical support for this claim are too conclusory. Nothing in the opposition demonstrates otherwise.

### A.    Plaintiffs Do Not Dispute That They Fail To Allege What "72-Hour Odor Protection" Means.

Zenlen's opening brief explained how the Complaint failed to allege what "odor protection" means, much less how a reasonable consumer would understand that phrase. *See* ECF No. 24 (Mot.) at 5–7. Plaintiffs do not dispute this point. They instead contend that their claims can proceed simply by alleging a "lack of clinical proof" for the at-issue statement. Opp. at 10. Not so.

Before anyone can determine whether Zenlen has clinical support for the "72-Hour Odor Protection" claim, Plaintiffs must first allege how a reasonable consumer would understand that phrase. *See* Mot. at 5. Simply alleging a company lacks clinical support for a claim is not enough. Instead, the threshold question is: clinical support for what?

2

Plaintiffs fail to allege this critical fact.  They do not dispute that perhaps the most plausible reading of the term "odor protection" is that it results in less odor than would be present in the absence of any odor protection.  They also admit what the "72-Hour Odor Protection" statement does *not* mean by conceding that their "claims are not that the deodorant does not work at all."  Opp. at 10.  But they never allege what the statement *does mean*.  Without that crucial allegation, it is impossible to evaluate Plaintiffs' contention that Zenlen lacks clinical support for the statement.

This case highlights the importance of this requirement.  As Plaintiffs admit, Zenlen "provided support for its clinical proof claim to Plaintiff's counsel" after the case was filed in the hopes that Plaintiffs would withdraw their meritless claim.  Opp. at 3.  Plaintiffs did not do so, apparently because Plaintiffs intend to contest whether Zenlen's clinical study supports the "72-Hour Odor Protection" claim.  *See* Opp. at 12 ("[R]epresentations by a manufacturer that its product's efficacy has been 'clinically proven' must closely match the underlying evidence because they are a promise that there is scientific evidence that establishes the truth of the claim").  Before litigation can proceed any further, Plaintiffs must first give Zenlen notice of what they think the "72-Hour Odor Protection" claim means so the parties can determine whether that claim has clinical support.  Because the Complaint lacks any such allegation, Plaintiffs have not given Zenlen "fair notice of what" their claims are and "the grounds upon which" they rest.  *Rider v. Uphold HQ Inc.*, 657 F. Supp. 3d 491, 499 (S.D.N.Y. 2023).  The Complaint can be dismissed for this reason alone.

### B.    Plaintiffs' Allegation That Zenlen Lacks Clinical Support Is Too Conclusory.

Plaintiffs are wrong that their conclusory allegation that Zenlen lacks clinical support "cannot be challenged" on a motion to dismiss.  Opp. at 11.  Contrary to Plaintiffs' suggestion, Zenlen is not challenging the *truth* of Plaintiffs' conclusory allegations at this time (even though

the allegations are in fact false).  Rather, Zenlen is challenging their *sufficiency*.  There are two fatal defects with Plaintiffs' allegations, and Plaintiffs do not have a meaningful response to either.

*First*, Plaintiffs do not dispute that the Complaint fails to allege what a reasonable consumer would understand the phrase "clinically proven" to mean.  *See* Mot. at 7.  Although they attempt to rehabilitate their allegations in their motion to dismiss, "[i]t is 'axiomatic' that a plaintiff cannot amend his complaint through briefing in opposition to a motion to dismiss." *Quirk v. Katz*, 2022 WL 4226124, at *7 (S.D.N.Y. Sept. 13, 2022).

The few references Plaintiffs *do* make in their opposition to the allegations in the Complaint confirm that their claims are inadequately pleaded.  For example, Plaintiffs rely on their own personal experiences.  *See* Opp. at 12 (citing allegations about how Zenlen's allegations "caused them to buy Native's whole body deodorant").  But Plaintiffs' personal experiences do not establish how a reasonable consumer would interpret the phrase.  Similarly, Plaintiffs invoke pronouncements from the Better Business Bureau's National Advertising Division ("NAD").  *See* Opp. at 12–13.  But they do not cite any authority holding that the NAD's pronouncements match a reasonable consumer's understanding.  In fact, they ignore that courts have recognized that the "voluntary" and "advisory" nature of NAD decisions means that "NAD decisions are thus non-binding on courts."  *Williams v. Reckitt Benckiser LLC*, 2021 WL 8129371, at *32 (S.D. Fla. Dec. 15, 2021); *see also Wynn v. Topco Assocs., LLC*, 2021 WL 168541, at *3 (S.D.N.Y. Jan. 19, 2021) (dismissing complaint where plaintiffs failed to allege any "extrinsic evidence that the perceptions of ordinary consumers align with" labeling standards contained in certain federal regulations).  Plaintiffs' opposition fails to address—much less even attempt to refute—these points.

4

*Second*, Plaintiffs do not effectively rebut Zenlen's showing that Plaintiffs' allegations regarding a purported lack of clinical support are too conclusory to survive a motion to dismiss. Mot. at 7–9.  "Conclusory allegations" need not be credited, *Santiful v. Wegmans Food Markets, Inc.*, 2022 WL 268955, at *2 (S.D.N.Y. Jan. 28, 2022), and *Twombly* and *Iqbal* demand "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678.

Yet Plaintiffs fail to demonstrate even a "sheer possibility" that Zenlen lacks clinical support for the challenged representation.  Though Plaintiffs allege that Zenlen "has never clinically tested its whole body deodorant," Opp. at 1, they offer *no* supporting factual allegations (nor could they, given that they are in receipt of such clinical support).  While Plaintiffs contend that they "did their due diligence and found no clinical proof of [Zenlen's] 72-hour odor protection claim," *id.* at 3, the Complaint lacks any mention of this supposed "due diligence," and fails to specify what, if anything, Plaintiffs did or found.

Courts demand more, because otherwise any plaintiff could rely on a conclusory allegation to defeat a motion to dismiss.  For example, in *Santiful*, the court refused to credit an allegation that the plaintiffs' testing confirmed that a product contained artificial flavors when the complaint lacked details about the testing.  2022 WL 268955, at *1, *4 (S.D.N.Y. Jan. 28, 2022).  Likewise, in *Myers v. Wakefern Food Corp.*, the court refused to credit an allegation that product contained artificial flavors where plaintiff relied on unsubstantiated lab testing as the only support for that claim.  2022 WL 603000, at *4 (S.D.N.Y. Mar. 1, 2022).  And in *Greer v. Strange Honey Farm, LLC*, the Sixth Circuit refused to credit allegations that plaintiffs' tests of product samples showed labeling claims were false when plaintiffs did not "explain how these samples were tested, who conducted the testing, how many samples were tested, when or where the samples were purchased . . . or other details that would adequately show why the statements

5

on [the product's] labels were false." 114 F.4th 605, 615–16 (6th Cir. 2024). *Santiful*, *Myers*, and *Greer* are directly on point and were cited in Zenlen's opening brief (Mot. at 8), yet the Opposition does not even mention them. And the complaints in those cases contained more factual allegations than this Complaint, yet those complaints were still dismissed.

The authorities Plaintiffs do rely on are inapposite. Plaintiffs are not being asked to "prove a negative" at the pleading stage, Opp. at 3; they are simply being asked to come forward with enough facts that make their allegations plausible. The authorities Plaintiffs cite as purported support for the sufficiency of their allegations (*id.*) involve situations where courts held that plaintiffs did not need to plead facts to avoid a statute of limitations defense, which is an affirmative defense that defendants have the burden of proving. *See ADL, LLC v. Tirakian*, 2010 WL 3925131, at *7 (E.D.N.Y. Aug. 26, 2010) (Report and Recommendation) (refusing to dismiss on statute-of-limitations grounds, because "requiring plaintiff to demonstrate with specificity that [plaintiff] could not have discovered the fraud any earlier . . . is not a burden properly imposed at the pleading stage"); *Marks v. CDW Computer Ctrs., Inc.*, 122 F.3d 363, 368 n.2 (7th Cir. 1997) (reversing dismissal on statute of limitations grounds because plaintiff was not required to "affirmatively plead specific facts showing that there was no information in [certain materials] from which [the plaintiff] could have discovered the fraud"). Those cases did not relieve Plaintiffs of the burden of pleading facts sufficient to establish the elements of their claims, which Plaintiffs have not done here.

Plaintiffs' remaining cases (*see* Opp. at 13) are similarly off-base. In *Noriega v. Abbott Laboratories*, the plaintiffs identified a specific mismatch between the clinical studies and the challenged product's claims; they did not rest their claims on an unsubstantiated assertion that no clinical testing had been conducted. 714 F. Supp. 3d 453, 458–60 (S.D.N.Y. Feb. 2, 2024).

*Hidalgo v. Johnson & Johnson Consumer Cos.* likewise involved a challenge to actual clinical test results that the plaintiffs claimed were misleading. 148 F. Supp. 3d 285, 297–98 (S.D.N.Y. 2015). And Plaintiffs take *Procter & Gamble Co. v. Chesebrough-Pond's Inc.* entirely out of context: that case did not hold that the "complaint plausibly alleged ads were misleading," Opp. at 13, but instead affirmed the district court's denial of a preliminary injunction in a case between two competitors because "neither party had established a likelihood of successfully proving that the other party's advertising claims were false." 747 F.2d 114, 120 (2d Cir. 1984). Here, by contrast, Plaintiffs merely deny the existence of clinical testing without any supporting factual allegations. That is not enough to state a claim, so the Complaint should be dismissed.

## II.    Plaintiffs' Claims Fail for Additional Reasons.

### A.    Rule 9(b) Applies To, and Defeats, Plaintiff Smyrak's CUTPA Claims.

In addition to failing to clear Rule 8's pleading threshold, *see supra* at 2–7; *see also* Mot. at 4–9, Plaintiff Smyrak's CUTPA claims fail to satisfy Rule 9(b)'s heightened pleading requirements. *See* Mot. at 9–10.

In response, Plaintiff Smyrak claims that Rule 9(b) applies to CUTPA claims only where "the plaintiff[] asserts an intentional fraud claim and the plaintiff's CUTPA claim is based *solely* on that fraud claim." *Id.* at 15. That is not the law, according to Plaintiff's own authority: "to the extent that a CUTPA claim does allege fraud, the Rule 9(b) requirements apply." *ARMOUR Cap. Mgmt. LP v. SS&C Techs., Inc.*, 2018 WL 1368908, at *7 (D. Conn. Mar. 16, 2018) (cited Opp. at 15). Other decisions applying Connecticut law reach the same result. *See, e.g.*, *In re Trilegiant Corp.*, 11 F. Supp. 3d 82, 120 (D. Conn. 2014) ("[T]o the extent the Plaintiffs have alleged a CUTPA action based on fraud, they have failed to sufficiently plead with the particularity required in Rule 9(b)"), *aff'd sub nom. Williams v. Affinion Grp., LLC*, 889 F.3d 116 (2d Cir. 2018); *Aviamax Aviation Ltd. v. Bombardier Aerospace Corp.*, 2010 WL 1882316, at *9

(D. Conn. May 10, 2010) ("When a plaintiff in federal court bases a CUTPA claim on fraud allegations, the plaintiff must satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b)."); *Lentini v. Fidelity National Title Insurance Co. of New York*, 479 F.Supp.2d 292, 298 n.2 (D. Conn. 2007) ("[T]o the extent that the [CUTPA claims] rely on affirmative statements or omissions involving fraud or mistake, Rule 9(b) applies."). Simply put, Rule 9(b) applies to any CUTPA claim "based on fraud," *In re Trilegiant Corp.*, 11 F. Supp. 3d at 120, and Plaintiff Smyrak does not dispute that his CUTPA claims are based on fraud, *see* Opp. at 15–16. His allegations must therefore satisfy Rule 9(b).

As explained in Zenlen's opening brief, *see* Mot. at 10, Plaintiff Smyrak fails to do so. As to when he saw the at-issue claim, Plaintiff Smyrak alleges only that he saw it "[p]rior to purchasing" the deodorant, ECF No. 4 (Compl.) ¶ 30—without any further specificity. This does not suffice. *E.g.*, *Alnwick v. European Micro Holdings, Inc.*, 281 F. Supp. 2d 629, 641 (E.D.N.Y. 2003) ("[T]he amended complaint does not particularize where and when the statement was made. Rather, it alleges that it was made between May 1997 and August 1997. This vague four-month period of time is insufficient to satisfy the pleading standards of Rule 9(b)."). In addition, Plaintiff Smyrak fails to allege (1) when he saw the at-issue claim, (2) at which Walmart store he saw the at-issue claim, and (3) his factual basis for believing the at-issue claim to be false. Mot. at 10.

Although Plaintiff Smyrak contends that he is not required to plead these details, Opp. at 16, the opposition ignores numerous decisions from courts dismissing consumer protection claims lacking this information. *E.g.*, *DiCicco v. PVH Corp.*, 2020 WL 5237250, at *3–4 (S.D.N.Y. Sept. 2, 2020) (complaint that failed to allege "which store locations were visited" and "when the visits took place" did not satisfy Rule 9(b)); *N. Fork Partners Inv. Holdings, LLC v.*

*Bracken*, 2021 WL 4124950, at *5 (S.D.N.Y. Sept. 9, 2021) (dismissing under Rule 9(b) complaint that "alleges no factual basis for [plaintiffs'] belief that the [challenged statement] was . . . false").  This Court should do the same.

> **B.    Plaintiff Hernandez Has Not Plausibly Pled a Price Premium, So Her GBL Claims Fail.**

Neither of Plaintiff Hernandez's theories of injury—(1) Plaintiff Hernandez would not have purchased the deodorant but for the alleged misrepresentations, Compl. ¶¶ 27, 55; and (2) Plaintiff Hernandez would not have paid the "exorbitant price premium" allegedly charged for the deodorant, *id.* ¶¶ 27, 63—suffice to state a GBL claim.  Mot. at 10–13.

As to Plaintiff Hernandez's theory that she would not have purchased the deodorant but for the alleged misrepresentation, the New York Court of Appeals has rejected this but-for theory of injury.  *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (N.Y. 1999) (affirming dismissal of a GBL claim that, like Plaintiff Hernandez's, is premised on the allegation that "had [the plaintiffs] known [the truth about the product], they never would have purchased [it]"); *see also Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629 (3d Dep't 2007) ("[P]laintiff seeks a refund of the purchase price of Neurontin on the ground that she would not have purchased the drug absent defendant's deceptive practices.  The Court of Appeals, however, has rejected this very argument, *i.e.*, 'that consumers who buy a product that they would not have purchased, absent a manufacturer's' deceptive commercial practices, have suffered an injury under'" the GBL (quoting *Small*, 94 N.Y.2d at 56)); Mot. at 11 (citing cases).  All the cases Plaintiff Hernandez cites as support that the law permits otherwise involved allegations of but-for injury being accompanied by plausible allegations of a price premium.  *See* Opp. at 14.  None allowed a full-refund theory, standing alone, to survive a motion to dismiss.

As to Plaintiff Hernandez's price premium theory, the Complaint relies only on conclusory allegations to make this point.  But as Zenlen explained and as Plaintiff Hernandez ignores, an unsupported assertion of a price premium is not enough to plead a cognizable injury.  *See DaCorta v. AM Retail Grp., Inc.*, 2018 WL 557909, at *9 (S.D.N.Y. Jan. 23, 2018) ("Plaintiff's apparent belief that simply alleging the word 'premium' will suffice, is simply incorrect."); *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) ("Simply because Plaintiffs here recite the word 'premium' multiple times in their Complaint does not make Plaintiffs' injury any more cognizable.").

To be sure, Plaintiff Hernandez also points to allegations in her Complaint regarding a purported comparator product.  Opp. at 15 (citing Compl. ¶¶ 27–28).  But as explained previously and as Hernandez does not dispute, the comparison she made is inapt: the Nivea spray she points to is ***not*** a full-body deodorant, unlike Zenlen's deodorant.  Mot. at 12.  Her allegations thus "tell[] the Court nothing about the value of the [Product], or whether the cost of the [Product] was inflated by [Zenlen]'s allegedly misleading" statement.  *Izquierdo*, 2016 WL 6459832, at *7.  Plaintiff Hernandez therefore fails to plausibly plead a price premium theory of injury.  *See Housey v. Procter & Gamble Co.*, 2022 WL 874731, at *8 (S.D.N.Y. Mar. 24, 2022) (dismissing GBL claim for failure to plead price premium injury where, as here, the plaintiff failed to "justify why her comparison to [another product line] is correct").

## CONCLUSION

This Court should dismiss the Complaint with prejudice.

Washington, DC
Dated: October 23, 2024

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Andrew Soukup*
Andrew Soukup (*pro hac vice*)
Andrew Stanner (*pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
asoukup@cov.com
astanner@cov.com

Andrew Leff
Celin Carlo-Gonzalez
The New York Times Building
620 8th Avenue
New York, NY 10018
aleff@cov.com
ccarlogonzalez@cov.com

*Attorneys for Defendant Zenlen Inc.*