UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                         :
                                         :
ASHTON HERNANDEZ, on behalf of herself   :
and all others similarly situated,       :
                                         :       24cv4846 (DLC)
                          Plaintiff,     :
                                         :       OPINION AND
            -v-                          :          ORDER
                                         :
ZENLEN, INC.,                            :
                          Defendant.     :
                                         :
--------------------------------------- X

APPEARANCES:

For plaintiff Ashton Hernandez:
James Robert Denlea
Jeffrey I. Carton
Steven R. Schoenfeld
Denlea & Carton LLP
2 Westchester Park Dr, Suite 410
White Plains, NY 10604

Philip M. Smith
Kravit Smith LLP
75 South Broadway, Suite 400
White Plains, NY 10601

For defendant Zenlen, Inc.:
Andrew Soukup
Andrew Stanner
Covington & Burling LLP
850 10th Street NW
Washington, DC 20001

Andrew Leff
Celin Carlo-Gonzalez
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

DENISE COTE, District Judge:

Ashton Hernandez brings this suit, on behalf of a putative class of similarly situated consumers, against Zenlen, Inc. ("Zenlen") for falsely advertising that its deodorant ("Native deodorant") provides "clinically proven 72-hour odor protection."  The defendant has moved to dismiss the amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P.  For the following reasons, the motion is granted.

## **Background**

The following facts are taken from the first amended complaint ("FAC").  All reasonable inferences are drawn in the plaintiff's favor.

Defendant Zenlen, Inc., which does business as "Native Cos.", sells deodorant for use on the whole body.  Zenlen advertises its deodorant on its website, television, and social media.  It markets the deodorant as "natural" and as providing "clinically proven 72-hour odor protection."  Zenlen charges more than its competitors that sell deodorant without making these claims.  Zenlen claims its deodorant offers "clinically proven 72-hour odor protection" to differentiate its deodorant from its competitors' products, and thus to capture a larger share of the market for deodorant and antiperspirant.  Some consumers are willing to pay more for products that are made

2

from natural ingredients and whose efficacy is substantiated by scientific evidence.

Despite its marketing claims, according to the FAC, Zenlen has "never clinically tested" the deodorant.  The deodorant contains no ingredient that would provide "72-hour odor protection."  And the deodorant's instructions explain that users can "Spray on as much (or as little) as you want.  Use it in the mornings . . . and repeat as needed throughout the day."

After seeing online advertisements that made these claims, plaintiff Ashton Hernandez purchased Native deodorant in March 2024 at Target for $14.  Other whole-body deodorants that did not claim to be "clinically proven to provide 72-hour odor protection" were available for lower prices.  Hernandez purchased Zenlen's deodorant because it purported to be clinically proven to provide 72-hour odor protection, but her experience using it was that it did not provide odor protection for more than a day.

Hernandez initiated this action on June 26, 2024. Hernandez, a New York resident, alleged that Zenlen violated New York General Business Law §§ 349 and 350 ("GBL") by materially misleading consumers about its whole-body deodorant, in particular by claiming that its efficacy was supported by a

clinical test.[1]  The complaint asserted that the defendant had

"never" clinically tested the deodorant.  The defendant moved to

dismiss the action on September 18.  The briefing revealed that

the defendant had given plaintiff's counsel evidence that the

defendant had in fact clinically tested the deodorant.

Therefore, an Order of December 11 stated that "the plaintiffs

shall have one opportunity to amend their complaint" and "are

unlikely to have further opportunity to amend."  The FAC was

filed on January 17, 2025, and the defendants filed a renewed

motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., on

January 31.  That motion was fully briefed on February 21.

## Discussion

To survive a motion to dismiss under Fed. R. Civ. P.

12(b)(6), "a complaint must contain sufficient factual matter,

accepted as true, to state a claim for relief that is plausible

on its face."  Doe v. Franklin Sq. Free Sch. Dist., 100 F.4th

86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the

---

[1] The original complaint named a Connecticut resident as an
additional plaintiff and included claims under Connecticut law,
but the FAC omits them.

misconduct alleged." <u>Vengalattore v. Cornell Univ.</u>, 36 F.4th 87, 102 (2d Cir. 2022) (quoting <u>Iqbal</u>, 566 U.S. at 678).  At this juncture, the court ordinarily "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." <u>Doe</u>, 100 F.4th at 94 (citation omitted).  But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Iqbal</u>, 556 U.S. 678).

New York law prohibits "false advertising" and "[d]eceptive acts or practices in the conduct of any business, trade or commerce." N.Y. Gen. Bus. Law §§ 350, 349(a).  A plaintiff bringing a GBL claim must allege that "a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."[2] <u>McCracken v. Verisma Sys., Inc.</u>, 91 F.4th 600, 607 (2d Cir. 2024) (citation omitted). "A defendant's actions are materially misleading when they are likely to mislead a reasonable consumer acting reasonably under the circumstances." <u>Id.</u> (citation omitted).  Under the GBL, "it is well settled that a court may determine as a matter of law

---

[2] New York courts treat the standard of recovery under § 350 as the same as that under § 349, although the former is specific to false advertising. <u>MacNaughton v. Young Living Essential Oils, LC</u>, 67 F.4th 89, 96 (2d Cir. 2023).

that an allegedly deceptive advertisement would not have misled a reasonable consumer." Chufen Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 500 (2d Cir. 2020) (citation omitted).

There is no dispute that Zenlen's conduct was consumer-oriented, but Zenlen argues that the plaintiff fails to plead it was materially misleading.[3] Because Zenlen is correct that Hernandez has not adequately pleaded materially misleading conduct, its motion to dismiss is granted.

In surprising fashion, and despite the plaintiff being given an opportunity to amend her pleadings, the FAC like the original complaint alleges that Zenlen's claim that its deodorant provides "clinically proven 72-hour odor protection" is false because the defendant has "never" clinically tested its deodorant. And like the original complaint, the FAC provides no facts in support of that conclusion, nor does it allege any other "materially misleading" conduct. Essentially, the FAC simply states that the challenged statement is false. Such conclusory allegations "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

---

[3] Zenlen also argues that Hernandez has failed to plead a cognizable injury. Because she has not adequately alleged materially misleading conduct, the issue of injury need not be addressed.

The FAC, however, also explains that after this litigation commenced, the defendant's counsel provided to plaintiff's counsel a document purporting to reflect a clinical study.  The FAC asserts that this document, which was redacted, is "incomprehensible and in no way constitutes clinical proof," and that the methodology for the testing was "absurdly flawed." This set of allegations cannot be squared with the FAC's allegation that Zenlen "never" clinically tested its product.  A test, even if flawed, is still a test.

Then, in her brief in opposition to this motion to dismiss, the plaintiff changes course.  She contends that the defendant's study does not show that its deodorant protects against odor; it only shows that "Native reduces odor compared with no deodorant at all."  So the allegation that the deodorant was never tested is not only conclusory, but it is also contradicted by the plaintiff herself, both in the FAC and in her brief in opposition to this motion.

Thus, in her brief, Hernandez tries to reframe her claim as arising from the test's failure to prove that the deodorant provides 72-hour odor elimination, as opposed to odor reduction. That argument has multiple deficiencies, each of which would be fatal to the plaintiff's case on its own.  First, the FAC itself does not pose this theory (indeed, its allegation that no study

ever took place is incompatible with it), and the plaintiff cannot amend her complaint with her brief.  See, e.g., Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998).  Second, the theory that the defendant's deodorant only reduces and does not eliminate odor would require alleging that a reasonable consumer understands "odor protection" to not encompass any amount of odor reduction, but instead to mean nothing less than complete odor elimination for three days.  Even if that allegation were in the FAC, which it is not, it would not be plausible.

Hernandez's other arguments are no more compelling.  She posits that the defendant's refusal to furnish an unredacted version of its study to the plaintiff's counsel implies that the study does not support the challenged claim.  Neither the GBL nor the Federal Rules of Civil Procedure requires a defendant to disprove a conclusory allegation before the plaintiff states a claim upon which relief can be granted.  Separately, Hernandez cites cases from this Circuit where plaintiffs were held to have stated false advertising claims based on "clinically proven" statements supported only by studies that were plausibly alleged to be unreliable or to have not tested the product at issue.[4]

---

[4] One of the cited cases did not hold that the plaintiff had stated a false advertising claim, but rather affirmed a district court order denying preliminary injunctive relief.  Procter &

The facts of those cases are distinguishable from Hernandez's FAC, which does not even allege the conclusion (much less facts supporting) that Zenlen's study was unreliable or methodologically deficient in any particular way.  It instead claims, implausibly, that the study does not exist at all.

## Conclusion

Zenlen's January 31, 2025 motion to dismiss the FAC is granted.  The Clerk of Court is directed to enter judgment for the defendant and close the case.

Dated:    New York, New York
          April 9, 2025

                                    _____
                                    DENISE COTE
                          United States District Judge

---

Gamble Co. v. Chesebrough-Pond's Inc., 747 F.2d 114, 116 (2d Cir. 1984).